[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 15, 1992 plaintiff obtained a judgment in accordance with finding of fact filed on April 30, 1992. Thereafter plaintiff obtained an execution and took certain property of the debtor into his possession. The sheriff's return indicated that the return of execution was dated on March 10, 1993.
The debtor filed a claim of exemption on March 26, 1993 describing as the basis for exemption necessary tools of trade and property of persons other than judgment debtor. In addition to the judgment debtor, a third person filed a claim for exemption on April 22, 1993. The court permitted the third party to intervene and held a hearing on the claims of both parties, the debtor and the third party.
At the hearing the parties stipulated that certain property would be returned to the debtor as trustee for the owners of the property. The parties could not agree on the claim of the pro se defendant, Gerry Myska, or of three items of property claimed to be exempt by the named defendant, Douglas Anderson, These three items as identified in the sheriff's return of execution consisted of Item 33-7, an AM TAC hard drive #052432 (McNally); Item 34-0, IBM Monitor, I.D. #BJM9UBMM1232; Item 35-2, Mitsumi Keyboard, I.D. #EW4KPQ2479. After reviewing the testimony of the parties, the court finds that it must deny the exemption of the third party intervener, Gerry Myska, inasmuch as the claim of exemption was untimely filed. Furthermore, the intervenor has failed to prove that he perfected the requirements for a protected consignment under the statutes.
The court also denies the claim for exemption of the named defendant inasmuch as the items claimed were covered by a valid UCC-1 filing; and, secondly, the court cannot make a finding that these items qualify under the statutory exemption for tools of trade.
Dorsey, J.